THOMAS, Judge,
dissenting.
I respectfully dissent. The mother in this case has not parented any of her children since 2005. The child at issue in this case has been in foster care .since October 2010. Before that, the child was being cared for by a relative of the mother in Ohio.
The mother signed a consent to termination of her parental rights. She testified that she understood what she, had signed and that she was giving up her parental rights to the child. , When questioned about her circumstances, she testified that she had not had a stable residence and that she could not provide a home for her children when they lived in Ohio.' She said that she had maintained a position with a telemarketing company for a year and a half when the children were living in Ohio, but she did not indicate whether she was currently employed. The mother also said that she had had other jobs at fast-food establishments. She testified that she had been diagnosed as suffering from bipolar disorder, schizophrenia, and depression and that she had not taken prescribed medication for her mental illnesses for approximately a year. She said that she had completed the ninth grade and had not received her GED.
According to Kristi Kelley, the DHR caseworker assigned to the ease, the mother had admitted that she “self-medicated” with marijuana. Furthermore,' Kelley testified that the mother had admitted that she was unable to care for the child. Kelley said that DHR had offered drug-treatment services but that the mother had been unable to maintain sobriety and could not maintain employment because she could not pass drug tests. The mother had apparently admitted to Kelley that, she was using drugs at the , time of the trial.
We have long held that a child’s need for permanency will outweigh a parent’s good-faith but unsuccessful efforts at rehabilitation at some point in every case. M.W. v. Houston County Dep’t of Human Res., 773 So.2d 484, 487 (Ala.Civ.App.2000); see also D.G. v. State Dep’t of Human Res., 569 So.2d 400, 403 (Ala.Civ.App.1990) (stating that “[a]t some point it becomes necessary to say that the children require a more permanent placement”). “-‘[T]he point at which the child’s needs overcome the parent’s right to be rehabilitated must bé determined based on the facts of each individual case.’ ” M.A.J. v. S.F., 994 So.2d 280, 291 (Ala.Civ.App.2008) (quoting Talladega Cnty. Dep’t of Human Res. v. M.E.P., 975 So.2d 370, 374 (Ala.Civ.App.2007)). However, we have stated that the 12-month period between foster-care placement and the 12-month permanency hearing required by former Ala.Code 1975, § 12-15-62(c) (now Ala.Code 1975, § 12-15-315(a)), is typically, considered to be sufficient time within which a parent should be able to demonstrate “that their conduct, condition, or circumstances have improyed so that reunification may be promptly achieved.” M.A.J., 994 So.2d at 291.
The child in this case has been reared by some person other than the mother since 2005, when the child was two years old. The mother, who is a 34-year-old woman, was still abusing drugs on the date of the. termination ■ trial. She admitted that the child would be better served by termination of her parental rights, and she *1217 consented to such. I cannot agree with the majority of the court that the juvenile court did not err by failing to terminate the mother’s parental rights under these circumstances. Therefore, I respectfully dissent.
THOMPSON, P.J., concurs.